Flores, Demandante y Apelado, *v.* Sucesores de Pérez Hermanos, S. en C., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Segundo, en pleito sobre daños y perjuicios (memorándum de costas).

No. 2997.—Resuelto en julio 16, 1923.

Sentencias en Apelación—Costas—Interpretación de Sentencias del Tribunal Supremo.—En el presente caso el Tribunal Supremo, resolviendo una apelación que concedía costas, al dictar sentencia, expresó: ''* * * resuelve modificar como modifica la sentencia apelada * * * en el sentido de rebajar la indemnización a la suma de $12,000 y confirmar dicha senten-

cia en los demás particulares, *sin especial condenación de costas.*" *Se re-*
*solvió:* que las palabras subrayadas expresan que cada parte pagará las
costas causadas en la corte inferior.

ID.—MODIFICACIÓN DE SENTENCIAS EN APELACIÓN.—Cuando un demandante ape-
lado entiende que no procedía que el Tribunal Supremo modificara la sen-
tencia apelada en cuanto concedió costas, debe pedir a dicho tribunal que
corrija su sentencia en tal sentido. *Cruz* v. *Valentín,* 31 D. P. R. 257.

ID.—APELACIÓN DE SENTENCIAS DEL TRIBUNAL SUPREMO—COSTAS EN ULTIMA INS-
TANCIA.—Cuando una sentencia del Tribunal Supremo es confirmada con cos-
tas en apelación, tales costas son las causadas en última instancia.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *Chas. Hartzell* y *F. Ra-*
*mírez de Arellano.*

Abogados del apelado: Sres. *J. H. Brown* y *C. Ruiz Na-*
*zario.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

La Corte de Distrito de San Juan, Segundo Distrito,
dictó sentencia en este pleito condenando al demandado a
pagar al demandante $17,000 como indemnización por da-
ños y perjuicios y las costas, pero apelada ante nosotros
pronunciamos en julio 29, 1921, la siguiente sentencia, se-
gún aparece de la transcripción: "Por los fundamentos con-
signados en la anterior opinión, este Tribunal resuelve mo-
dificar, como modifica, la sentencia apelada que dictó la
Corte de Distrito de San Juan, Sección Segunda, en mayo
18 de 1920, en el sentido de rebajar la indemnización a la
suma de $12,000 y confirmar dicha sentencia en los demás
particulares, sin especial condenación de costas. Comuní-
quese en la forma y a los fines procedentes. Así lo pronun-
ciamos, mandamos y firmamos. Conforme con la anterior
sentencia menos en la cuantía de la indemnización pues opi-
namos que no debe pasar de $5,000 (cinco mil dólares)."
Apelada también nuestra sentencia la Corte de Circuito de
Apelaciones de los Estados Unidos para el Primer Circuito
la confirmó con costas el 7 de junio de 1922.

Después de dictada nuestra sentencia la parte deman-

dante presentó en la corte inferior un memorándum de costas jurado por su abogado, que entre otras pequeñas partidas contenía una por honorarios de su abogado ascendente a $1,200, memorándum que fué impugnado por indebido por haber sido nuestra sentencia sin especial condena de costas y por ser excesiva la cantidad fijada por los honorarios de abogado. Después de dictada la segunda sentencia en apelación al Circuito, presentó el demandante nuevo memorándum de costas jurado por el mismo abogado en el que la partida de honorarios de abogado fué aumentada a $2,500 y el cual fué nuevamente impugnado por los mismos motivos que el anterior, pero fué aprobado en su totalidad por la corte de distrito por entender que de nuestra sentencia no se desprende que modificamos la sentencia en cuanto a la imposición de costas y porque no había otro motivo de oposición al memorándum. Sin embargo, fué también impugnado por excesivo.

Contra esta resolución se interpuso por el demandado este recurso de apelación en el que alega haber cometido la corte inferior dos errores, a saber: 1°., la corte erró al desestimar nuestra impugnación al memorándum de costas y resolver que la sentencia del Tribunal Supremo de Puerto Rico no había modificado la sentencia de la Corte de Distrito de San Juan, en lo relativo a costas; 2°., la corte erró al resolver que la cantidad asignada para honorarios de abogado no era excesiva.

Tanto el primer motivo de error alegado como la resolución de la corte inferior giran sobre la interpretación de nuestra sentencia en lo relativo a las costas, pues como dice que se modifica la sentencia apelada en cuanto a la cuantía de la indemnización y que se confirma en cuanto a los demás particulares, sin especial condenación de costas, entendió la corte inferior y sostiene el apelado, que sólo modificamos la sentencia apelada en cuanto a la cuantía de la indemnización y que habiéndola confirmado en

cuanto a los demás particulares quedó confirmada también en la imposición de costas al demandado, a pesar de haber dicho al final de nuestra sentencia "sin especial condena de costas," y que estas palabras se refieren a las costas en este Tribunal Supremo.

No pueden referirse dichas palabras a costas en este tribunal pues no podemos imponerlas porque no existen, según hemos declarado en los casos de *Martínez* v. *Pagán López & Cía.*, 17 D. P. R. 613; *J. Ochoa Hermano* v. *Herederos de Lanza,* 17 D. P. R. 730; *Hernández* v. *F. Carrera & Hno.*, 23 D. P. R. 863; *Polanco* v. *Goffinet,* 30 D. P. R. 882, y de *Cruz* v. *Valentín,* 31 D. P. R. 257. En vista de estas decisiones, el caso anterior de *Márquez* v. *Aguiló,* 10 D. P. R. 264, citado por el apelado, no tiene aplicación. En cuanto a los casos citados en su resolución por la corte inferior, el de 18 D. P. R. 82, nada dice con referencia a la cuestión resuelta y los de *Vivas* v. *Hernaiz, Targa & Co.*, 24 D. P. R. 836; *Rubio* v. *Mayagüez Auto Garage Co.*, 20 D. P. R. 244; *Morales* v. *Caraballo,* 27 D. P. R. 591 y el de *Cabranes* v. *Central Vannina y Gual,* 29 D. P. R. 1018, no tienen relación alguna con la interpretación de nuestra sentencia porque se limitan a declarar la facultad discrecional de las cortes de distrito para imponer las costas y a que no intervendremos con ella a no ser que se demuestre abuso de esa discreción, sin referirse para nada a nuestra facultad para resolver en apelación sobre el pago de costas cuando revocamos o modificamos la sentencia apelada. En este caso, en vista de que se modificó la sentencia rebajando a $12,000 la condena impuesta al demandado y en vista también de que dos jueces estimaron que debía rebajarse a $5,000, creímos que el demandado no debía pagar las costas y por eso dijimos "sin especial condenación de costas," o sea que cada parte pagará las suyas.

Quizás la sentencia en controversia debió redactarse más claramente y decir que se modificaba en cuanto a la indem-

nización y en cuanto a la declaración de costas que debían
ser sin especial condena de ellas, confirmándola en lo de-
más, pero a pesar de la redacción que se le dió demuestra
suficientemente que fallamos sin especial condenación de cos-
tas, por lo que aparece suficientemente que la sentencia ape-
lada fué modificada también en cuanto a la condena al de-
mandado que contenía la sentencia apelada por ser contra-
rio a ella nuestra declaración en ese particular.

El argumento de que aquella sentencia no fué impug-
nada por la condena de costas no encuentra base en la
transcripción, ni sería obstáculo para que la modificáramos
si la cuestión fundamental entre las partes era modificada
o revocada. En el caso de apelación de *Wright* v. *Smith.*
44 Mich. 560, 7 N. W. 240, no pudiendo los jueces llegar a
un acuerdo en las cuestiones alegadas como errores, por
este motivo fué confirmada la sentencia pero sin costas;
y en el de *Price* v. *Price,* 46 Mich. 68, 8 N. W. 724, también
en apelación se confirmó el decreto desestimando la de-
manda por no estar satisfecha la corte de que existía causa
para el remedio, pero por las circumstancias cada parte
pagaría sus costas. En el caso que resolvemos no hubo
unanimidad de criterio entre los jueces y esto era bastante
para modificar la condena de costas, pero si no debíamos
modificarla en ese particular debió pedirnos la parte deman-
dante que corrigiéramos nuestra sentencia, según hemos de-
clarado en el caso de *Cruz* v. *Valentín, supra,* en el que
habiendo nosotros revocado una sentencia sin hacer decla-
ración alguna sobre las costas sostuvimos la negativa de
la corte a aprobar un memorándum de costas fundada en
que nuestra sentencia no las concedía.

En cuanto a que nuestra sentencia fué confirmada con
costas, todos sabemos que tal condena se refiere a las cau-
sadas en aquel tribunal, que cobra por medio de un man-
dato, por lo que no se refiere a las costas de la primera
instancia.

Por las razones expuestas la resolución apelada debe ser revocada debiendo dictarse otra por nosotros negando la aprobación del memorándum de costas por no ser debidas al demandante.

*Revocada la sentencia apelada y dictada otra*
*negando la aprobación del memorándum.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Franco Soto.

Los Jueces Asociados Sres. Wolf y Hutchison disintieron.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Por mucho tiempo esta corte empleó las palabras "sin especial condenación de costas," para referirse a las costas en esta corte; y generalmente cuando se deseaba excluir las costas en la corte inferior así lo expresábamos. Para precisar los términos, cuando se revoca una sentencia "sin especial condenación de costas" la sentencia revocada no lleva consigo ningunas costas en realidad no por razón de las palabras empleadas sino porque en la sentencia transformada no hay imposición de costas.

En el Tomo 24 revocábamos sentencias "sin especial condenación de costas, gastos y honorarios" demostrando esto que la corte creyó conveniente o necesario ser específica cuando quería excluir las costas en la corte inferior. Existen otros casos donde continuamos diciendo "sin especial condenación de costas" al revocar pero no hay nada que indique que estas palabras adquirieron una significación nueva o diferente.

Toda mi investigación me convence de que estas palabras cuando se usaban solas o no tenían significación o se referían a las costas en esta corte. Esto es congruente con la práctica general de las cortes de apelación.

Por tanto cuando esta corte revocaba sin costas no podía suponerse que la sentencia así dictada anulaba *ipso*

*facto* el pronunciamiento de costas hecho por la corte infe-
rior. Algo más positivo tenía que haber aparecido si esta
corte hubiera deseado cambiar o modificar la concesión de
costas.